UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMIE WASHINGTON, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No._____ |
| v. | ) | |
| | ) | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) | |
| | ) | |
| DEFENDANT. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Jamie Washington, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## PARTIES

3. Plaintiff, Jamie Washington ("Plaintiff") is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted GE Capital Retail Bank Lord & Taylor credit card account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant, Portfolio Recovery Associates, LLC, ("Defendant"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Defendant operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

6. Defendant is authorized to conduct business in Illinois, and maintains a registered agent here. (Exhibit A, Record from the Illinois Secretary of State). In fact, Defendant conducts business in Illinois.

7. Moreover, Defendant is licensed as a collection agency in Illinois. (Exhibit B, Record from the Illinois Department of Financial and Professional Regulation).

8. In fact, Defendant acts as a debt collection agency in Illinois.

## FACTUAL ALLEGATIONS

9. Plaintiff incurred a debt for goods and services used for personal purposes, originally for a GE Capital Retail Bank Lord & Taylor consumer credit card account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined by § 1692a(5) of the FDCPA.

10. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

11. Defendant purportedly purchased the alleged debt sometime thereafter.

12. Plaintiff subsequently consulted with the legal aid attorneys at Debtors Legal Clinic for assistance with debt harassment problems she was experiencing as a result of having become insolvent.

13. Upon reviewing her credit report, Plaintiff noted a Portfolio Recovery tradeline, account #604584960168**** associated with original creditor GE Capital Retail Bank, and informed her counsel that she did not recognize the debt.

14. On February 4, 2014, Plaintiff's legal aid attorney sent a letter to Defendant notifying it that Plaintiff was represented by counsel, that she disputed the alleged debt, and that all subsequent communications in connection with the debt must be conducted through the legal aid office identified by name and address in the letter. (Exhibit C, Representation Letter).

15. Defendant received the letter on February 4, 2014, and at that time became aware that Plaintiff was represented by counsel.

16. On or about February 7, 2014, Defendant mailed Plaintiff a letter in connection with the collection of a debt *directly*, instead of mailing said letter to Plaintiff's counsel. (Exhibit D, Response Letter).

17. Defendant's letter contained "Verification Information" concerning the GE Capital Retail Bank account referenced above, account #604584960168****.

18. Defendant's letter listed various information regarding the account, including the alleged amount owed, balance on the day of purchase by Defendant, and accrued interest since the date of purchase.

19. Defendant's letter was sent in connection with the collection of a debt.

20. Defendant mailed the letter directly to Plaintiff despite the fact that it knew that Plaintiff was represented by counsel.

21. Defendant's letter states that it is a response "to your recent communication concerning the account referenced above." In fact, Defendant's letter was a response to Plaintiff's counsel's letter informing it of such representation.

22. The letter greatly alarmed Plaintiff because she thought the matter had not been correctly handled by her legal aid attorneys, who had explained to her that Defendant would no longer contact her directly. Plaintiff instead thought she would have to continue contesting the matter on her own with the Defendant.

23. 15 U.S.C. § 1692c(a) of the FDCPA provides as follows:

**(a) Communication with the consumer generally**

**Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—**

***

**(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.**

24. On or before February 4, 2014, Defendant knew that Plaintiff was represented by counsel—whose name, address, and telephone number Defendant was also aware of—since Plaintiff informed Defendant of this fact via letter on February 4, 2014, and Defendant acknowledged the communication.

25. Even though Defendant was prohibited from communicating with Plaintiff in connection with the collection of the alleged debt, Defendant mailed Plaintiff a letter in violation of 15 U.S.C. § 1692c(a)(2).

26. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff re-alleges paragraphs 1-26 as if set forth fully in this count.

28. Defendant communicated with Plaintiff in connection with the collection of a debt while knowing Plaintiff was represented by an attorney with respect to the debt, in violation of 15 U.S.C. § 1692c(a)(2)

29. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorney fees.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered in her favor against the Defendant for the count alleged above for:

    A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    C. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

| | |
|---|---|
| The Law Office of M. Kris Kasalo, Ltd. | By: /s/ M. Kris Kasalo |
| 20 North Clark Street, Suite 3100 | M. Kris Kasalo |
| Chicago, Illinois 60602 | |
| tel 312.726.6160 | |
| fax 312.698.5054 | |
| mario.kasalo@kasalolaw.com | |

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.